UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DUSTIN WARD; Petitioner, pro se,
           v.
WARDEN: U.S.P. COLEMAN-2
           Respondent,

CASE NO: 5:23-CV-602-PGB-PRL

"PETITION FOR WRIT OF HABEAS CORPUS"
pursuant to Title 28 U.S.C. § 2241

Comes Now, Dustin Ward, Petitioner pro se herein and via this petition filed under 28 U.S.C. § 2241; Moves this Honorable Court entertain this motion and GRANT petitioner the relief sought, which is an order upon the respondent compelling him to <u>immediately release petitioner</u> from the custody of the Federal Bureau of Prisons because this petitioner has already served his sentence, imposed by the U.S. District Court for the Northern District of Georgia in that criminal Case No. 4:18-CR-21-MHC-WEJ:

- 2 -

United States of America v. Ward: Whereby a sentence of 120 months was imposed on August 10, 2018; <u>With Credit For Time Served running From August 11, 2014</u>, which the United States Prosecuting Attorney agreed to, per petitioner's plea agreement of pleading guilty to the charge of violating U.S. Criminal Code, Title 18 U.S.C. § 922(J) and § 924(a)(2):

The <u>Sentencing Courts</u> explicit and implicit intent and order, <u>was</u> for petitioner to serve no more than 10 = TEN years, or <u>120 months</u>; which would necessarily mean that petitioner's <u>Mandatory Release date</u> would be on <u>August 11, 2024</u>: However, the respondent, by and through his subordinate administrative staff, have illicitly elongated petitioner's Mandatory release date to November 22, 2025: Thereby the respondent impermissibly extends petitioner's sentence by an additional 15 Months:

Worse than the extending of Petitioner Sentence, is the fact that petitioner is <u>disallowed</u> his <u>earned good Time Credit of Fifty-Four (54) days per year</u>. Indeed with earned 54 days per year, petitioner's Sentence must necessarily be reduced by 486 days, per the running of Sentence From August 10, 2014, to August 11, 2023, (or nine years Served), earning the 486 days, petitioner should rightfully been released in April 2023. But Not so by the respondent's mis-CALCULATING, instead The respondent did just the opposite by elongating Petitioner's Sentence by 486 days. The Federal Bureau of prisons, although with perceived impunity, has wholly disregarded <u>U.S. v. DESCALLY, 254 F.3d 1333 (11th Cir. 2001)</u>, QUOTE: "The bureau of prisons does not have power to unilaterally eliminate court determined Credit, that increases defendant's Sentence; And properly remedied by Appeal

-4-

To (Court of Competent Jurisdiction), which is This Honorable Court, that has the privilege reviewing and ruling in petitioner's favor via ordering his immediate release from custody.

## "CONCLUSION"

This Honorable Court has the distinction of being the arbiter of this case, which never should have progressed to this stage, but for the complete breakdown of the "Administrative Remedy process", in this Federal prison where responses are never provided and Regional & Central B.O.P. offices reject meritous issues on a qualm. Moreover, petitioner's pleas for equitable resolve are ignored, hence this Court should issue the relief sought hereby which is the "Writ of HABEAS CORPUS" DEMANDING petitioner's immediate release from custody.

DATED: 10/18/2023     MOST RESPECTFULLY SUBMITTED:
/s/ Leroy Buhl; For Dustin WARD
Leroy Buhl